PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
ElenaBaca@paulhastings.com
BLAKE BERTAGNA (SB# 273069)
blakebertagna@paulhastings.com
CAITLIN FALK (SB# 324197)
caitlinfalk@paulhastings.com
695 Town Center Drive, Seventeenth Floor
Costa Mesa, California 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS
U.S., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MCGARY, individually and on behalf of Aggrieved Employees and the State of California, and GILBERT HERRERA, individually and on behalf of Putative Class Members, Aggrieved Employees and the State of California,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.,<br><br>Defendant. | Case No. 8:24-cv-02107<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331,1441, 1446, AND 1453** |

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 181102089.1

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, TO PLAINTIFFS JAMES MCGARY AND GILBERT HERRERA, AND TO PLAINTIFFS' ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California.  WDPR removes this action pursuant to 28 U.S.C. §§ 1331, 1441(a) and (c), 1446 (a), (b), and (d), and 1453(b) for the following reasons:

**Pleadings, Process, and Orders**

1.      On October 23, 2020, plaintiff James McGary ("McGary"), a former non-exempt employee who worked at Disneyland Resort in Anaheim, California, filed an unverified proposed class and representative action complaint in the Superior Court of the State of California for the County of Orange ("State Court"), entitled:  "*James McGary, on behalf of himself, Putative Class Members, Aggrieved Employees and the State of California, Plaintiffs v. The Walt Disney Company and Disneyland International, Defendants*," designated as Case No. 30-2020-01167025-CU-OE-CXC (the "Complaint").  The Complaint pled the following eight purported causes of action against The Walt Disney Company and Disneyland International for violation of: (1) Failure to Pay for All Hours Worked (Cal. Lab. Code § 204); (2) Failure to Pay Minimum Wage and Liquidated Damages (Labor Code §§, 1182.12, 1194, 1194.2, 1197, and 1197.1); (3) Failure to Pay Overtime Wages (Labor Code § 510); (4) Waiting Time Penalties (Labor Code §§ 201-203); (5) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab.

- 1 -                    NOTICE OF REMOVAL OF CIVIL ACTION

Code §226); (6) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); (7) Private Attorneys General Act (Labor Code§2699(a)); and (8) Private Attorneys General Act (Labor Code § 2699(f)). McGary pled the aforementioned causes of action on behalf of himself and the following proposed group of individuals, alleging such individuals were not compensated for time spent in security check lines and while donning their uniforms (referred to at Disneyland Resort as "costumes"):

<u>Class Members</u>

All current and former hourly, non-exempt workers employed by Defendants at any of Defendants' facilities located in California at any time starting four years prior to the filing of this Complaint until resolution of this action.

<u>Security Guard Subclass</u>

All current and former hourly, non-exempt workers employed by Defendants to perform work as security guards, security officers, and any other similar job duties at any of Defendants' facilities located in California at any time starting four years prior to the filing of this Complaint until resolution of this action.

Complaint ¶¶ 1, 35. A true and correct copy of the Summons and Complaint, and notice of service of process, are attached hereto as Exhibit "A."

2.     On November 6, 2020, the Summons and Complaint were served on The Walt Disney Company and Disneyland International. *See id*.

3.     On January 4, 2021, The Walt Disney Company and Disneyland International, pursuant to a stipulation between the parties, were dismissed from the Complaint and WDPR was substituted as the defendant in their place. A true and correct copy of the Court's signed order of dismissal and substitution is attached hereto as Exhibit "B."

- 2 -                    NOTICE OF REMOVAL OF CIVIL ACTION

4. On January 6, 2021, the Complaint was reassigned from Department CX102 to CX104 of the Orange County Superior Court due to a recusal of the presiding judicial officer. A true and correct copy of the order of reassignment is attached hereto as Exhibit "C."

5. On January 12, 2021, the Complaint was reassigned from Department CX104 to CX101 of the Orange County Superior Court due to this action being related to an earlier-filed, overlapping wage and hour class action, *Padilla v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 30-2019-01077209-CU-OE-CXC) (the "Padilla Action"). A true and correct copy of the order of reassignment is attached hereto as Exhibit "D."

6. On January 19, 2021, the State Court scheduled a status conference for April 6, 2021. A true and correct copy of the scheduling order is attached hereto as Exhibit "E."

7. On February 2, 2021, WDPR filed its Answer to the Complaint. A true and correct copy of the Answer is attached hereto as Exhibit "F."

8. On May 21, 2021, the Court approved a stipulation between the parties to stay all proceedings in this action pending resolution of the Padilla Action. A true and correct copy of the stay order is attached hereto as Exhibit "G."

9. On February 23, 2022, the State Court conducted a status conference during which it ordered the stay in this action, along with other related cases, to remain in place pending the resolution of the Padilla Action. True and correct copies of the related orders are attached hereto as Exhibit "H."

- 3 -                    NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 181102089.1

10. On May 24, 2022, this action was reassigned to Department CX104 due to the recusal of the presiding judicial officer. A true and correct copy of the order transferring the case is attached hereto as Exhibit "I."

11. On September 21, 2023, after the State Court issued a ruling on the plaintiff's motion for class certification in the Padilla Action, the State Court granted a limited lifting of the stay of proceedings in this action to allow McGary to proceed with a donning and doffing claim. A true and correct copy of the notice of proceedings is attached hereto as Exhibit "J."

12. On May 3, 2024, McGary filed a First Amended Complaint ("FAC") to add plaintiff Gilbert Herrera ("Herrera"), a former non-exempt employee who worked at Disney's Grand Californian Hotel at the Disneyland Resort in Anaheim, California, to represent the following proposed group of individuals:

> All current and former hourly, non-exempt workers employed by Defendant Walt Disney Parks and Resorts, U.S., Inc. at any of its hotel facilities located in California, and have been subject to Defendant's costume policies and practices at any time starting four years prior to the filing of this Complaint until resolution of this action. Excluded from the Class are the members of the certified classes in Padilla v. Walt Disney Parks and Resorts U.S., Inc., Case No. 30-2019-01077209, pending in the Superior Court of Orange County.

FAC ¶ 36.[1] The FAC also added allegations that Herrera is seeking relief on behalf of such persons for the time allegedly spent by such individuals obtaining and/or exchanging their costumes in addition to donning and doffing their costumes. *Id.* ¶ 1. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit "K."

---

[1] McGary is not a member of the putative class identified in the FAC.

- 4 -                    NOTICE OF REMOVAL OF CIVIL ACTION

13.     On June 3, 2024, WDPR filed its Answer to the FAC.  A true and correct copy of the Answer is attached hereto as Exhibit "L."

14.     On August 30, 2024, Herrera filed and served on WDPR a Motion for Class Certification and supporting papers (the "Motion").  A copy of the memorandum of points and authorities in support of that Motion (and proof of service) are attached hereto as Exhibit "M."  Pursuant to 28 U.S.C. Section 1446(b)(3), and as set forth below, that Motion constitutes a "motion . . . or other paper" from which it "may first be ascertained that the case is one which is or has become removable."

15.     All pleadings, process, or orders received by or filed by WDPR in this case are attached hereto.  Defendant has received no other process, pleadings, or orders.

**Timeliness of Removal**

16.     Generally, "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S. Code § 1446(a).  However, if a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service of process or otherwise, "of a copy of an amended pleading, *motion*, order *or other paper* from which it may first be ascertained that

- 5 -                    NOTICE OF REMOVAL OF CIVIL ACTION

the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added).

17. To determine whether the facts in a "motion, order, or other paper" supporting removal are ascertainable, the grounds for removal must be "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) ("[A]n amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)."). *See also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005) (applying section 1446(b) and holding that the "thirty day time period [for removal] starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction").

18. A plaintiff's motion for class certification and accompanying documents constitutes a "motion . . . or other paper" from which removability may be ascertained. 28 U.S.C. § 1446(b)(3). *See Stone v. GEICO Ins. Co.*, 731 Fed. App'x. 688, 690 (9th Cir. 2018) (citing section 1446(b)(1), removal was timely where amount in controversy was first ascertained upon service of motion for class certification: "[a]t the earliest, GEICO received 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, thereby triggering the 30-day removal period, 28 U.S.C. § 1446(b)(1), when plaintiffs moved for class certification"); *Castro v. ABM Indus., Inc.*, 2017 WL 4682816, at *3 (N.D. Cal. Oct. 19, 2017) ("Plaintiffs' class certification motion, trial plan, and expert declaration thus constitute a 'motion . . . or other paper' from which it may be first ascertained that the case . . . has become removable."); *Williams v. Ruan Transp. Corp.*, 2013 U.S. Dist. LEXIS 143996, 2013 WL 5492205, at *7 (E.D. Cal. Oct. 2, 2013), *report and*

- 6 -                    NOTICE OF REMOVAL OF CIVIL ACTION

*recommendation adopted*, 2013 U.S. Dist. LEXIS 150374, 2013 WL 5708454 (E.D. Cal. Oct. 18, 2013) ("Plaintiffs' motion for class certification which is an 'other paper' under section 1446."); *Alvarez v. Nordstrom, Inc.*, 2010 WL 11552926, at *3 (C.D. Cal. Oct. 5, 2010) (denying motion to remand; agreeing with defendant that "Plaintiff's second motion for class certification . . . is the first 'paper' received by Nordstrom from which it could be ascertained that the case had become removable again since remand").

19.     In the Motion, Herrera argues "Defendant's policy and practice of *requiring* Plaintiff and the putative Class Members to obtain or exchange costumes while off-the-clock causes Defendant to fall short of its obligations under California law." Motion 1:17-19 (emphasis added).  In support of his claim that Class Members are "required" to exchange their costumes off-the-clock, Herrera cites and relies upon provisions of the collective bargaining agreements applicable to the putative class members (the "CBA" or "CBAs") that he contends require the putative class members to return to the costuming department at the hotels to exchange their costumes in order to maintain clean costumes for work.   Motion 4:8-14 ("In the 2017-2022 CBA, Disney was responsible for laundering costumes. Ex. 2, UNITE HERE Local 11 CBA 2017-2022, p. 65.").  Herrera also cites and relies upon other provisions in the CBAs regarding the responsibilities of putative class members regarding the cleaning of their costumes.  *See id.* ("In the 2022-2026 CBA, some employees are responsible for cleaning their own costumes, and others have them laundered by Disney. Ex. 3, UNITE HERE Local 11 CBA 2022-2026, p. 46.").

20.     In the Motion, Herrera states: "[t]he principal issues relevant to this Motion is [sic] whether time spent obtaining and exchanging costumes while off the clock is compensable, and whether Defendant's policy of not compensating

NOTICE OF REMOVAL OF CIVIL ACTION

Plaintiff and the putative Class Members for time spent obtaining and exchanging costumes while off the clock violated California law." Motion 7:12-15. In order to determine whether time spent exchanging costumes is compensable, the Court must determine whether such time is "controlled" by WDPR, and to make that determination, the Court must interpret the language in the CBAs, including the language cited and relied upon by Herrera in his Motion, arguing that such time is required and compensable. Thus, the Motion is the first paper from which it could first be ascertained by WDPR that this case is one which is or has become removable, and since this notice of removal is being filed within 30 days of WDPR's receipt of the Motion, this notice of removal is being timely filed pursuant to 28 U.S.C. section 1446(b).

## Federal Question Jurisdiction -- Labor Management Relations Act, Section 301 (29 U.S.C. § 185 *et seq.*)

21. A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331.

22. Under Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301"), the district courts of the United States have original jurisdiction over any action brought for "violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

23. To ensure the uniform interpretation of collective bargaining agreements, federal common law preempts the use of state contract law in

- 8 -     NOTICE OF REMOVAL OF CIVIL ACTION

interpretation and enforcement of collective bargaining agreements. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).  As a result, all state-law claims raised by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. *See Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law."); *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . any state claim whose outcome depends on analysis of the terms of the agreement.").

24.    Accordingly, Section 301 has been held to preempt California state-law claims that are substantially dependent upon interpretation of a collective bargaining agreement. *See Firestone v. S. Cal. Gas. Co.*, 219 F.3d 1063, 1066-67 (9th Cir. 2000).  Section 301 provides that this is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state-law causes of action. *See Levy v. Skywalker Sound*, 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA.").  Thus, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law."); *Franco v. E-3 Sys.*, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (extending federal question jurisdiction to plaintiff's California PAGA claim); *Landy v. Pettigrew*

NOTICE OF REMOVAL OF CIVIL ACTION

*Crewing, Inc.*, No. 219CV07474RGKAFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (finding LMRA preemption regarding plaintiff's California Labor Code section 204 claim and exercising supplemental jurisdiction over plaintiff's other wage and hour claims because they arose from a common nucleus of facts).

### A.   The Terms And Conditions Of Herrera's Employment Were Governed By A Collective Bargaining Agreement.

25.   According to the Motion, Herrera was employed by WDPR as a housekeeper and dishwasher at Disney's Grand Californian Hotel at Disneyland Resort in Anaheim, California, from approximately March to October 2022.  *See* Motion 2:26-3:3 and supporting evidence.

26.   At all times relevant to this action, WDPR was and is an employer employing employees in an industry affecting commerce, as defined by the LMRA, 29 U.S.C. § 141, *et seq.  See id.*

27.   At all times relevant to this action during which Herrera was employed by WDPR, he was represented by UNITE HERE Local 11 (the "Union"), and his employment was governed the terms of the CBA.  *See* Motion, 2:22-26 and supporting evidence.  The Union is a labor organization representing employees in an industry affecting commerce as defined in the LMRA, 29 U.S.C. § 141, *et seq*. True and correct copies of the CBAs that governed the terms and conditions of Herrera's employment with WDPR, and those of the other employees he seeks to represent, are attached as Exhibit "2" and "3" to the Declaration of Andrew Weaver ("Weaver Decl.") in support of the Motion, attached hereto as Exhibit N.

28.   The CBAs state that the Union is the sole bargaining agent for the covered employees for the purposes of collective bargaining regarding their wages,

- 10 -    NOTICE OF REMOVAL OF CIVIL ACTION

hours of employment, and working conditions. *See* Weaver Decl., ¶ 4, Ex. 2, at pp. 6-7; *id*. ¶ 4, Ex. 3, at pp. 7-8.

**B.    Herrera's Costume-Based Claims Are Preempted By The LMRA Because They Exist As A Result Of The CBAs And Are Substantially Dependent Upon Interpretation Of The CBAs.**

29.    A plaintiff may not engage in "artful pleading" to conceal the true nature of his complaint. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state-law claim was preempted by Section 301 even though the operative complaint made no mention of a collective bargaining agreement). Thus, the fact that Herrera has not made specific reference to Section 301 does not preclude removal. *See Stallcop v. Kaiser Found. Hosps*., 820 F .2d 1044, 1048 (9th Cir. 1987) ("Stallcop's complaint does not reveal that her employment is governed by a collective bargaining agreement, but this is not dispositive . . . . [I]f the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted.").

30.    An artfully pled state-law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *See Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement. . . . In such cases the 'artful pleading' doctrine requires that the state law complaint be recharacterized as one arising under the collective bargaining agreement. The case may then be removed

- 11 -                NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 181102089.1

to federal court and adjudicated under the appropriate federal law."), *overruled on other grounds by Allis-Chalmers*, 471 U.S. at 220.

31. To determine whether a claim alleging violations of state law is preempted by Section 301, the Ninth Circuit employs a two-step test. *Curtis*, 913 F.3d at 1152. First, the Court must ask "whether the asserted cause of action involves a 'right [that] exists solely as a result of the CBA.'" *Id.* (internal quotation marks omitted). Under this test, a claim is preempted if it seeks "purely to vindicate a right or duty created by the CBA itself." *Id.* (internal quotation marks omitted). If so, "the claim is preempted, and [the] analysis ends there." *Id.* (internal quotation marks omitted). If not, courts consider whether a plaintiff's state-law right is substantially dependent on analysis of the CBA. *Id.* at 1153. If claims are dependent on interpretation of the CBA, then the claim is preempted by Section 301. *Id.* Accordingly, Section 301 wholly preempts any and all purported state-law causes of action by an employee concerning a dispute over his terms and conditions of employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or require the "interpretation of a collective bargaining agreement." *See, e.g.*, *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000).

32. In the Motion, Herrera seeks class certification based upon WDPR's alleged "policy and practice of requiring Plaintiff and the putative Class Members to obtain or exchange costumes while off-the-clock." Motion 1:17-19; *see id.* 1:23-2:4 ("Specifically, statewide, Defendant required Plaintiff and the putative Class Members to wear costumes while working. Defendant required Plaintiff and the putative Class Members to obtain and exchange their costumes while off the clock from one of several costuming departments located away from the site of the employees' regular duties. In addition, Plaintiff and putative Class Members who

- 12 -  NOTICE OF REMOVAL OF CIVIL ACTION

worked in multiple roles were required to exchange their costumes between roles in the costuming departments while off the clock, and to exchange soiled or damaged costumes in the costuming departments while off the clock.").

33.   In his Motion, Herrera contends that the alleged costume "policies" violated the California Labor Code, and, "because the policies applied uniformly throughout California, Plaintiff can establish Defendant's liability with common proof."  Motion 2:5-6.  The "policies" referenced in the Motion are the CBAs. *See* Motion, 2:22-26, 4:8-13 ("Class Members also routinely exchange costumes for proper cleaning. Sanchez Decl. ¶ 9; Millan Decl. ¶ 9; Salgado Decl. ¶ 9; Whipkey Decl. ¶ 9; Luna Decl. ¶ 9. In the 2017-2022 CBA, Disney was responsible for laundering costumes. Ex. 2, UNITE HERE Local 11 CBA 2017-2022, p. 65. In the 2022-2026 CBA, some employees are responsible for cleaning their own costumes, and others have them laundered by Disney. Ex. 3, UNITE HERE Local 11 CBA 2022-2026, p. 46.").  Specifically, Hererra cites and relies on Article 21 of the CBAs, entitled "Uniforms/Costumes," states:

> For purposes of this Article, uniform means outer garments, excluding shoes, which are required to be worn exclusively while carrying out the duties and responsibilities of the position and which are substantially different from the design or fashion of the general population and which can be worn as normal attire. This definition includes items that serve to identify the person, functions performed, rank or name of Hotel.

*See* Weaver Decl., ¶ 4, Ex. 2, at p. 34; Ex. 3, at p. 36.  Article 21 of the CBA also provides:

> The employee to whom such uniform is supplied shall be responsible for payment of any loss thereof, or willful damage thereto, or damage due to negligence excluding normal wear and tear. At the time an employee is terminated, the employee shall return all uniforms to the Hotel prior to receipt of his/her final check. If this is not done, the Employer will deduct the replacement value of items not returned.

NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 181102089.1

> Any person held responsible for his laundry service shall be reimbursed by the Employer at the value placed on laundry service by the minimum wage orders of the California Division of Labor Standards Enforcement, as issued from time to time, but in no event less than one ($1.00) dollar per week.

*See* Weaver Decl., ¶ 4, Ex. 2, at p. 34; Ex. 3, at p. 36.

33. The CBAs Herrera relies upon contain additional costume-related provisions. For example, for employees assigned to the Disneyland Hotel and the Paradise Pier Hotel (now Pixar Place Hotel), Article 21 provides: "Uniforms shall be furnished, maintained and laundered by the Company." See Exhibit N, Weaver Decl., ¶ 4, Ex. 2, at pp. 61, 69; Ex. 3, at pp. 64, 68. And for employees assigned to Disney's Grand Californian Hotel and the Central Bakery, Article 21 provides:

> With respect to clothing furnished by the Company, employees may, at the sole discretion of the Company, be required to take their costumes home with them at the end of their shift. Further, the Company may designate all or some costumes to be cleaned or maintained (where washable in a washing machine, not dry cleaned) by the employees who shall take normal and reasonable care in so doing. Nothing herein shall be construed as requiring the Company to provide lockers for employee use.

*See* Exhibit N, Weaver Decl., ¶ 4, Ex. 2, at pp. 73, 77; Ex. 3, at pp. 72, 76

34. Herrera's artfully pleaded claim that WDPR has violated the California Labor Code thus involves a right that "exists solely as a result of the CBA" and/or that is "inextricably intertwined with consideration of the terms of the labor contract," *Allis-Chambers*, 471 U.S. at 213. Because resolution of Herrera's second and third causes of action for unpaid minimum and overtime wages -- and certification of a class based on those claims -- necessarily will require interpretation, analysis, and application of the costume provisions of the CBAs, they are preempted by Section 301. *See, e.g.*, *Guinan v. Dean Foods of Cal., Inc.*, 16 Fed. App'x. 627, 629 (9th Cir. 2001) (holding that claim for unpaid wages for

- 14 -    NOTICE OF REMOVAL OF CIVIL ACTION

off-the-clock work in violation of the California Labor Code was preempted by the LMRA because to determine what work was compensable required interpretation of the CBA); *Chissie v. Winco Foods, LLC,* 2012 U.S. Dist. LEXIS 17954, at \*\*20-21 (N.D. Cal. Feb. 14, 2012) (concluding that a California Labor Code claim for failure to pay accrued vacation pay upon termination was preempted by the LMRA, reasoning that because the collective bargaining agreement provided that "gross misconduct" would result in forfeiture of accrued vacation pay and the employer contended that such misconduct occurred, the "propriety of Defendant's failure to pay such wages rests exclusively on the provisions of the CBA which must necessarily be interpreted").

### C.      Herrera's Remaining Claims Are Also Removable.

35.      This Court has jurisdiction over Herrera's other, derivative state-law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. section 1367(a),[2] as they are so related to the preempted federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution. *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 859, 855 (9th Cir. 2004) (supplemental jurisdiction applies to state law claims derived from "a common nucleus of operative fact" and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding"); *Buck v. Cemex Inc.*, 2013 WL 4648579 at \*7 (E.D. Cal. Aug. 29, 2013) ( plaintiff's additional claims of failure to provide accurate wage statements, failure to timely pay all final wages and unfair competition came within the supplemental jurisdiction of the Court "even if only tangentially involved with the

---

[2] Herrera's first cause of action for the untimely payment of wages owed during employment, fourth cause of action for waiting-time penalties, fifth cause of action for inaccurate wage statements, sixth cause of action for unlawful business practices, and seventh/eighth causes of action for civil penalties under PAGA are derivative of the second and third causes of action for unpaid wages.

LEGAL_US_W # 181102089.1

CBA"). Moreover, considerations of judicial economy, convenience, and fairness to the litigants require that all of the alleged causes of action as to which Herrera seeks class certification be tried in one forum. *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity."). The Ninth Circuit has held that "a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with [preempted claims]." *Brown v. Brotman Med. Ctr., Inc.*, 571 Fed. App'x 572, 576 (9th Cir. 2014).

36.     Accordingly, this Court has federal question jurisdiction over the entire action, and removal is proper.

### Venue

37.     Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because the superior court where the removed case was pending is located within this district.

38.     In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies that by written notice a copy of this notice of removal and all supporting papers was promptly served on Plaintiff and filed with the clerk of the Orange County Superior Court. True and correct copies of the form of said notices are attached hereto as Exhibits "O" and "P," respectively. Therefore, all procedural requirements under 28 U.S.C. section 1446 have been satisfied.

- 16 -                    NOTICE OF REMOVAL OF CIVIL ACTION

LEGAL_US_W # 181102089.1

WHEREFORE, Defendant removes the above-entitled action from the Superior Court of the State of California for the County of Orange to this Court.

DATED:  September 27, 2024             PAUL HASTINGS LLP

By: _____
     BLAKE R. BERTAGNA

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS
U.S., INC.

- 17 -          NOTICE OF REMOVAL OF CIVIL ACTION

## <u>CERTIFICATE OF SERVICE</u>

I am employed in the City of Costa Mesa and County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 695 Town Center Drive, Seventeenth Floor, Costa Mesa, California  92626-1924.

On September 27, 2024, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331,1441, 1446, AND 1453**

on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

Carolyn H. Cottrell, Esq.
Esther Bylsma, Esq.
Andrew Weaver, Esq.
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
E-Mail: ccottrell@schneiderwallace.com
    ebylsma@schneiderwallace.com
    aweaver@schneiderwallace.com

Attorneys for Plaintiffs *James McGary* and *Gilbert Herrera*

☐ **VIA ELECTRONIC SERVICE:**
Via CM-ECF: By causing a true and correct copy of the document(s) listed to be served via electronic transmission through the U.S. District Court, California Central District CM-ECF system to the parties at the email address(es) set forth above.

☒ **VIA U.S. MAIL:**
I deposited such sealed envelope(s) with postage thereon fully prepaid, in the United States mail at Costa Mesa, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 27, 2024, at Costa Mesa, California.

*Winty Thoumaked*
Winty Thoumaked