UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No.: 8:24-cv-02107-FWS-JDE				Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [15] AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [16]**

Before the court are two motions.  The first motion before the court is Plaintiff James McGary ("McGary") and Plaintiff Gilbert Herrera ("Herrera") (collectively, "Plaintiffs") Motion to Remand.  (Dkt. 15-1 ("Motion to Remand" or "Mot.").)  The Motion is supported by the Declaration of Plaintiffs' counsel, Andrew Weaver.  (Dkt. 15-2.)  Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant") filed an Opposition to the Motion.  (Dkt. 21 ("Opposition" or "Opp.").)  The Opposition is supported by the Declaration of an employee of Defendant, Christie Sutherland.  (Dkt. 21-1.)  Plaintiffs filed a Reply in support of the Motion to Remand.  (Dkt. 26 ("Reply").)  The second motion before the court is Defendant's Motion for Judgment on the Pleadings.  (Dkt. 16.)  The Motion for Judgment on the Pleadings is also fully briefed.  (*See* Dkts. 16, 22, 23.)  The court took these matters under submission.  (Dkt. 28.)  Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion to Remand and **DENIES AS MOOT** the Motion for Judgment on the Pleadings.

I. Background

McGary initiated this case by filing a class action complaint against the Walt Disney Company and Disneyland International in Orange County Superior Court on October 23, 2020. (Dkt. 4-1 ("Complaint" or "Compl.").)  On January 4, 2021, the Walt Disney Company and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02107-FWS-JDE                                      Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

Disneyland International were dismissed from the Complaint pursuant to a stipulation between the parties, and Defendant was substituted into the Complaint as a defending party.  (*See* Dkt. 4-2 (Stipulation to Dismiss and Substitute Parties).)  On May 21, 2021, the Orange County Superior Court approved a stipulation between the parties requesting a stay of all proceedings in the action pending the resolution of a related case.  (Dkt. 4-7 (Stipulation to Stay).)  On September 21, 2023, the Orange County Superior Court partially lifted the stay on McGary's case.  (Dkt. 4-10 (Notice of Proceedings).)

On May 3, 2024, McGary filed a First Amended Complaint against Defendant, and added Herrera as a co-Plaintiff.  (Dkt. 4-11 ("FAC").)  The FAC alleges that McGary "was employed as a non-exempt security guard by Defendant[] at Disneyland Resort in Anaheim, California from approximately May 2018 to April 2020."  (*Id.* ¶ 6.)  Herrera "was employed in a hotel position as a non-exempt housekeeper and dishwasher by Defendant at Disney Grand Hotel in Anaheim, California from approximately August 2021 to February 2022."  (*Id.* ¶ 7.)  The FAC is brought by McGary "in his individual capacity" and "Herrera [] individually and on behalf of all others similarly situated . . . [and] on behalf of individuals who have worked for [Defendant] as non-exempt hourly employees in hotel positions and have been subject to Defendant['s] costume policies and practices. . . ."  (*Id.* ¶ 1.)

The FAC alleges that Defendant "denied [employees] payment for all hours worked, including overtime, [and required employees] to obtain, exchange, change into or change out of their costumes while off-the-clock."  (*Id.*)  The FAC raises claims for (1) Failure to Pay for All Hours Worked under California Labor Code § 204; (2) Failure to Pay Minimum Wage and Liquidated Damages under California Labor Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1; (3) Failure to Pay Overtime Wages under California Labor Code § 510; (4) Failure to Provide Accurate Wage Statements under California Labor Code § 226; (5) Waiting Time Penalties under California Labor Code §§ 201-203 (6) Unlawful Business Practices under California Business and Professions Code §§ 17200, *et seq.*; (7) Private Attorneys General Act ("PAGA") penalties under California Labor Code § 2699(a); and (8) PAGA penalties under California Labor Code § 2699(f).  (*Id.* ¶¶ 47-134.)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02107-FWS-JDE   Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

---

On June 3, 2024, Defendant filed an Answer to the FAC. (Dkt. 4-12 (Answer).) On August 30, 2024, Herrera filed a Motion for Class Certification. (Dkt. 4-13 ("Motion for Class Certification" or "Mot. Class Cert.").) Filed as exhibits in support of the Motion for Class Certification are two collective bargaining agreements (collectively, "CBAs") between Herrera's union and Defendant: (1) Unite Here Local 11 Collective Bargaining Agreement 2017-2022 ("2017-2022 CBA"), (Dkt. 4-14, Exh. 2), and (2) Unite Here Local 11 Collective Bargaining Agreement 2022-2026 ("2022-2026 CBA"), (Dkt. 4-14, Exh 3.)

On September 27, 2024, Defendant removed this action based on "28 U.S.C. §§ 1331, 1441(a) and (c), 1446 (a), (b), and (d), and 1453(b)." (Dkt. 4 (Notice of Removal, "NOR") at 2.) Defendant asserted that removal was proper under Section 301 of the Labor Management Relations Act ("Section 301"), which provides that district courts have original jurisdiction over any action brought for "violation[s] of contracts between an employer and labor organization representing employees in an industry affecting commerce . . . without respect to the amount in controversy or without regard to the citizenship of the parties," and preempts California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement. 29 U.S.C.A. § 185(a); (*see also* NOR ¶¶ 22, 24). Defendant stated that the terms and conditions of Herrera and proposed class members' employment with Defendant are governed the CBAs, and that Plaintiffs' "second and third causes of action for unpaid minimum and overtime wages . . . necessarily will require interpretation . . . of the . . . [CBAs] [and thus] are preempted by [Section] 301." (NOR ¶ 34.) Moreover, Defendant asserted that the court "has jurisdiction over [Plaintiffs'] other, derivative state-law claims pursuant to the doctrine of supplemental jurisdiction . . . ." (*Id.* ¶ 35.)

## II.   Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).) If a suit originates in state court, a defendant may remove the suit to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally

---

_____

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02107-FWS-JDE                                    Date: January 16, 2025

Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

_____

filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. October 31, 2014). "The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Additionally, district courts strictly construe 28 U.S.C. § 1441(a) against removal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Section 301 of the Labor Management Relations Act ("LMRA") provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C.A. § 185(a). "Although [Section] 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). As a result, "a civil complaint raising claims preempted by [Section] 301 raises a federal question that can be removed to a federal court." *Id.* at 1152. "To give 'the policies that animate [Section] 301 . . . their proper range,' the Supreme Court has expanded 'the pre-emptive effect of [Section] 301. . . beyond suits alleging contract violations' to state law claims grounded in the provisions of a [collective bargaining agreement] or requiring interpretation of a [collective bargaining agreement]." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (citing *Lueck*, 471 U.S. at 210-11).

**III.    Discussion**

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02107-FWS-JDE                                            Date: January 16, 2025

Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

---

Plaintiffs argue the court lacks jurisdiction to hear this case and remand is appropriate because Plaintiffs' "class claims are not based on, nor rely on interpretation of, the collective bargaining agreements between Defendant and putative Class Members." (Mot. at 2.) Defendant argues that the court has jurisdiction over this case pursuant to Section 301 because "Plaintiff[s'] second and third causes of action . . . will require interpretation of the CBAs," and Plaintiffs' remaining causes of action are "derivative" of the second and third causes of action. (Opp. at 13, 20-21.) The court finds that it lacks jurisdiction over all of Plaintiffs' claims because Plaintiffs' second and third claims are not preempted under Section 301.

### A.    The Court Lacks Jurisdiction Over Plaintiffs' Second and Third Causes of Action

The court notes that Plaintiffs' eight causes of action in the FAC are state law claims. (*See* FAC ¶¶ 47-134.) Defendant removed the action by asserting that the court has jurisdiction over Plaintiffs' second and third causes of action[1] based on Section 301 preemption, and that supplemental jurisdiction extends to all of Plaintiffs' remaining state law causes of action. (*See* NOR ¶¶ 29-35.) Plaintiffs argue that the court does not have jurisdiction over Plaintiffs' claims because "this action is not a dispute regarding [a collective bargaining agreement] [and] Plaintiffs' claims arise entirely under California law." (Mot. at 5.) Defendant counters that Plaintiffs' second and third causes of action require interpretation of the CBAs because the court must refer to the CBAs to determine whether time spent exchanging costumes is "compensable" work. (*See id*. at 7, 12, 16.)

The Ninth Circuit has articulated a two-part test to determine whether a state law claim is preempted by Section 301. *See Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, courts must assess "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* "If the right exists

---

[1] Plaintiffs' second cause of action is for failure to pay minimum wages pursuant to California Labor Code §§ 1182.12, 1194, 1194.2, 1197, and 1197.1. (FAC ¶¶ 59-63.) Plaintiffs' third cause of action is for failure to pay overtime wages pursuant to California Labor Code § 510. (*Id.* ¶¶ 64-74.)

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02107-FWS-JDE                               Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

___

solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id.* Otherwise, at the second step, the court considers whether the asserted cause of action is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* (citations omitted). The court considers the test set forth in *Burnside* below.

    1.    ***Burnside* Test Step One**

First, the court finds that neither party meaningfully disputes that Plaintiffs' claims arise from California law rather than the CBAs. Plaintiffs argue that Plaintiffs' second and third claims "are not based on the CBA[s]" because the central issue in Plaintiffs' case is "[Defendant's] failure to pay for time spent exchanging . . . costumes" and the CBAs "are entirely silent on whether Class Members should be paid for time spent obtaining or exchanging costumes." (*See* Mot. at 5-6.) Defendant counters that "the reach of [Section] 301 extends . . . [to] 'implied rights'" and that Plaintiffs' second and third claims cannot be resolved until the court "understand[s] [the] extent . . . [of those rights] which are governed by the CBAs." (Opp. at 13-14; *see also* NOR ¶ 34 ("Herrera's artfully pleaded claim that [Defendant] has violated the California Labor Code . . . involves a right that exists solely as a result of the CBA . . . . [R]esolution of Herrera's second and third causes of action . . . necessarily will require interpretation, analysis, and application of [] the CBAs. . . .").)

The court finds that Defendant's argument under the first step of the *Burnside* test actually addresses the second step of the *Burnside* test because Defendant asserts that "interpretation" of the CBAs is required to adjudicate Plaintiffs' claims. *See Burnside*, 491 F.3d at 1059-60 (holding that at the second step, the court considers whether "whether the claim can be resolved by looking to versus interpreting the CBA") (citations omitted). Thus, the court finds that Defendant does not adequately "dispute[] that California law requires that workers be paid for hours worked." *Melchor v. Foster Poultry Farms, Inc.*, 2012 WL 1836289, at *5 (E.D. Cal. May 21, 2012), *report and recommendation adopted*, 2012 WL 2990691 (E.D. Cal. July 20, 2012); *c.f. Sachs v. Pankow Operating, Inc.,* 2021 WL 6125128, at *5 (C.D. Cal. Dec. 28, 2021) ("Defendant does not argue that Plaintiff's remaining causes of action concern rights that exist solely as a result of the CBA. Instead, Defendant argues that the second step of the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

___

Case No.: 8:24-cv-02107-FWS-JDE   Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

___

*Burnside* test applies to these claims. . . ."). Accordingly, the court proceeds to the second step of the *Burnside* test. *See Melchor*, 2012 WL 1836289, at *5 ("Neither party disputes that California law requires that workers be paid for hours worked. Therefore, the focus of this inquiry is on the second step . . . .").

### 2.   *Burnside* Test Step Two

Second, the court concludes that Plaintiffs' second and third causes of actions are not "substantially dependent on analysis" of the CBAs. *See Burnside*, 491 F.3d at 1059. Under the second step of the *Burnside* test, the court must "decide whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA[s]." *Id.* at 1060 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1997); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001)). "If the latter, the claim is preempted; if the former, it is not." *Burnside*, 491 F.3d at 1060. "[A]t this second step of . . . preemption analysis, claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (citing *Livadas*, 512 U.S. at 124).

Relevant to the court's analysis is Article 21 of the 2017-2022 CBA and Article 21 of the 2022-2026 CBA,[2] which impose slightly different costume policies for employees in different locations. Article 21 of the CBAs states generally that:

> For purposes of this Article, uniform or costume means outer garments, excluding shoes, which are required to be worn exclusively while carrying out the duties and responsibilities of the position and which are substantially different from the design or fashion of the general population and which can be worn as normal attire. This

___

[2] Because the language of Article 21 remains consistent across the 2017-2022 CBA and the 2022-2026 CBA, the court will refer to Article 21 of the 2017-2022 CBA and Article 21 of the 2022-2026 CBA collectively as "Article 21 of the CBAs."

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02107-FWS-JDE    Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

> definition includes items that serve to identify the person, functions performed, rank or name of Hotel.
>
> The employee to whom such uniform is supplied shall be responsible for payment of any loss thereof, or willful damage thereto, or damage due to negligence excluding normal wear and tear. At the time an employee is terminated, the employee shall return all uniforms to the Hotel prior to receipt of his/her final check. If this is not done, the Employer will deduct the replacement value of items not returned.
>
> Any person held responsible for his laundry service shall be reimbursed by the Employer at the value placed on laundry service by the minimum wage orders of the California Division of Labor Standards Enforcement, as issued from time to time, but in no event less than one ($1.00) dollar per week.

(Dkt. 4-14 at 47 (2017-2022 CBA, Art. 21 as to Walt Disney Parks and Resorts); Dkt. 4-16 at 43 (2022-2026 CBA, Art. 21 as to Walt Disney Parks and Resorts).) Specifically for employees of Disneyland Hotel and Disney's Paradise Pier Hotel, Article 21 states that "[u]niforms shall be furnished, maintained and laundered by the Company." (Dkt. 4-15 at 22 (2017-2022 CBA, Art. 21 as to Disneyland Hotel); Dkt. 4-15 at 26 (2017-2022 CBA, Art. 21 as to Disney's Paradise Pier Hotel); Dkt. 4-17 at 3 (2022-2026 CBA, Art. 21 as to Disneyland Hotel); Dkt. 4-17 at 7 (2022-2026 CBA, Art. 21 as to Disney's Paradise Pier Hotel).) For employees of Disney's Grand Californian Hotel and the Central Bakery, Article 21 states that:

> With respect to clothing furnished by the Company, employees may, at the sole discretion of the Company, be required to take their costumes home with them at the end of their shift. Further, the Company may designate all or some costumes to be cleaned or maintained (where washable in a washing machine, not dry

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02107-FWS-JDE                                    Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

___

cleaned) by the employees who shall take normal and
reasonable care in so doing.

(Dkt. 4-15 at 30 (2017-2022 CBA, Art. 21 as to Disney Grand Californian Hotel); Dkt. 4-15 at 34 (2017-2022 CBA, Art. 21 as to the Central Bakery); Dkt. 4-17 at 11 (2022-2026 CBA, Art. 21 as to Disney Grand Californian Hotel); Dkt. 4-17 at 15 (2022-2026 CBA, Art. 21 as to the Central Bakery).)

Defendant removed this case under Section 301, arguing that the "policies" in dispute in this case "are [the provisions of] the CBAs" regarding costumes. (*See* NOR ¶¶ 32-33 (citing Mot. Class Cert. 9-10).) Therefore, according to Defendant, the second and third causes of action "necessarily will require interpretation . . . of the costume provisions of the CBAs," namely, Article 21 of the CBAs. (*Id.* ¶ 34.)

Plaintiffs assert that Defendant's argument fails at the second step of the *Burnside* test because Defendant "identifies no dispute about the meaning of the CBA[s'] terms." (Mot. at 6.) Defendant responds that the court must interpret the CBAs to determine whether Plaintiffs' second and third claims involve "compensable" time. (Opp. at 17.) Under California law, employers must pay their employees minimum wage for "all hours worked," meaning, "the time during which an employee is subject to the control of an employer." (*Id.* at 16 (citing Cal. Code Regs. tit. 8 § 11100).) However, Defendant argues the court will not be able to determine whether the alleged off-the-clock time is compensable "until [the court] understand[s] to what extent . . . maintaining, laundering, and exchanging costumes . . . was required or controlled by [Defendant]." (*Id.* at 13-14.) Defendant points out that "Plaintiff[s] cite[] only one 'policy' for the proposition that [Defendant] 'requires' its employees to visit a costume location to pick up or exchange their costumes without compensating them[:]" Article 21 of the CBAs. (*Id.* at 16.) Because Article 21 of the CBAs applies slightly different costuming policies to employees based in different locations, Defendant argues that the court will have to "reconcil[e] . . . potentially conflicting provisions" of the CBAs. (*Id.* at 17.) Specifically, Defendant argues that because some provisions allow employees to launder their costumes at home rather than have Defendant launder the costumes, "an employee's choice to travel to a costuming location to

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02107-FWS-JDE  Date: January 16, 2025

Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

---

exchange a costume would [] not be required or controlled by [Defendant]," and would not be compensable time under California law. (*Id.*; *see, e.g.*, Dkt. 4-15 at 22 (stating under the 2017-2022 CBA that "the Company" will launder Disneyland Hotel employees' costumes); Dkt. 4-15 at 30 (stating under the 2017-2022 CBA that Disney Grand Californian Hotel employees "may . . . be required to take their costumes home . . . to be cleaned . . . by the employees.").) Defendant relatedly argues that interpretation of the CBAs is necessary in this case because "[Defendant] and [Herrera's] Union bargained over . . . site-specific provisions related to costumes, and that bargaining history . . . is important to interpreting that contract language." (Opp. at 19.)

Plaintiffs counter that "[t]here is no dispute that the CBA[s] say[] that some employees must exchange costumes for laundry, and others take them home," and "the dispute is whether [Defendant] must compensate employees when they exchange costumes." (Mot. at 6-7; *see also* Reply at 3.) Moreover, Plaintiffs argue that "[c]ontrol over an employee is a matter of California law, not the CBA." (Mot. at 7.)

The court finds that Plaintiffs' second and third causes of action are not "substantially dependent on analysis" of the CBAs because the "issue" in this case is a "purely factual" one that does not "turn on the meaning" of the provisions of the CBAs. *See Burnside*, 491 F.3d at 1072 (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988)). Both parties acknowledge that the central issue in this case is whether Defendant must compensate employees for the time spent "obtain[ing], exhang[ing] chang[ing] into or chang[ing] out of their costumes while off-the-clock." (FAC ¶ 1; Mot. Class Cert. at 1 ("The gravamen of Plaintiff's class claims is that Defendant's policy . . . of requiring Plaintiff and the putative Class Members to obtain or exchange costumes while off-the-clock causes Defendant to fall short of its obligations under California law."); Opp. at 12 ("Plaintiff premises both causes of action on [the] theory . . . that the time employees spent exchanging their old and soiled costumes for new and clean costumes while on [Defendant's] premises is compensable work.").) Thus, "Plaintiffs' action rests on the 'purely factual' issue of whether Defendant violated California law by not compensating Plaintiffs for all of the time worked, including donning and doffing" costumes. *Avalos v. Foster Poultry Farms, Inc.*, 801 F. Supp. 2d 959,

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02107-FWS-JDE                                    Date: January 16, 2025

Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

___

963 (E.D. Cal. 2011); *see also Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003) ("[W]hether when overtime is paid under the [collective bargaining agreement] is paid for all overtime hours worked, as required by California law . . . is a question of interpretation of state law, not of the [collective bargaining agreement]."); *Melchor*, 2012 WL 1836289, at *5 ("[T]he question in this class action is whether Plaintiff and class members were *actually* paid for the donning and doffing time, regardless of what the CBAs . . . state[] about these activities."); *Avalos v. Foster Poultry Farms*, 798 F. Supp. 2d 1156, 1163 (E.D. Cal. 2011) ("[W]hether Foster Farms properly compensated Ms. Avalos for all hours worked is a question for the state court.").

      Defendant argues that to decide Plaintiffs' minimum wage claim, the court "would [] be required to interpret the extent and nature of control as agreed to by the parties [in the CBAs]. This would encompass, for example, the management rights in the CBAs." (Opp. at 18.) However, "[t]he question of employer control is an issue of state law that does not depend on a CBA." *Haro v. Kaiser Found. Hosps.*, 2020 WL 5291014, at *4 (C.D. Cal. Sept. 3, 2020) (finding Section 301 preemption did not apply to plaintiff's California minimum wage claim, where the claim "turn[ed] on whether or not she and the putative class members were 'subject to the control' of [Defendant] during . . . periods that they were required to show for ahead of their work shifts").

      Moreover, even if the court were to look to the CBAs to resolve Plaintiffs' second and third claims, the court finds that Defendant has not adequately demonstrated that the terms of the CBAs are "actively disputed" and require interpretation. *Schurke*, 898 F.3d at 921 ("[A]t this second step of . . . preemption analysis, claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'") (citing *Livadas*, 512 U.S. at 124). Defendant contends that there is an "active dispute" as to the "meaning and application of the language" of the CBAs, including "the extent and nature of [Defendant's] control . . . as stated and implied in multiple provisions throughout the CBAs that govern costumes." (Opp. at 18, 20.) However, Plaintiffs do "no[t] dispute that the CBA[s] say[] that some employees must exchange costumes for laundry, and others take them home;" instead, the dispute is "whether [Defendant] must compensate employees when they exchange the costumes" under California

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:24-cv-02107-FWS-JDE   Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

law.  (Mot. at 6.)  Thus, the court finds that Defendant does not sufficiently demonstrate an active dispute over the terms of control in the CBAs, but instead raises a potential dispute over the application of California law to this case. *See Cramer*, 255 F.3d at 691 (Section 301 does not preempt a "hypothetical connection between [Plaintiffs'] claim[s] and the terms of the CBAs").  While the court may "look" to the CBAs to resolve questions such as where and when Plaintiffs exchanged costumes, the court finds that Defendant does not adequately show the meaning of the terms of the CBAs themselves are disputed.  *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005) ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.") (citing *Livadas*, 512 U.S. at 123); *Humble v. Boeing Co.*, 305 F.3d 1004, 1008 (9th Cir. 2002) ("[M]ere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim."); *McGhee v. Tesoro Ref. & Mktg. Co. LLC*, 440 F. Supp. 3d 1062, 1069-1070 (N.D. Cal. 2020) ("These allegations require determining Defendants' actual policies and procedures over the class period, as well as the requirements of California law.  Although the Court may 'look' at the relevant CBAs as evidence of those procedures, the focus remains on Defendants' actions, not the CBAs' authorizations.").

Accordingly, for the reasons stated above, the court finds that Defendant does not adequately demonstrate that Plaintiffs' second and third claims are preempted under Section 301, and the court therefore lacks jurisdiction over Plaintiffs' second and third claims.

**B.     The Court Lacks Jurisdiction Over Plaintiffs' First, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action**

Defendant argues that Plaintiffs' remaining claims (causes of action 1, 4-8 of the FAC) "all depend entirely upon the underlying claims for unpaid wages, and are likewise preempted." (Opp. at 21.)  However, as explained, the court finds that the second and third claims are not preempted, and therefore finds that the other claims are not preempted either.  And because the court finds that it lacks jurisdiction over Plaintiffs' second and third claims, the court declines to

___

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

**JS-6**

Case No.: 8:24-cv-02107-FWS-JDE    Date: January 16, 2025
Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc.

___

exercise jurisdiction over Plaintiffs' "derivative" first, fourth, fifth, sixth, seventh, and eighth claims. (*See* Sec. III(A), *supra*.)

Because the court finds that it lacks jurisdiction over all eight of Plaintiffs' claims, the court **GRANTS** the Motion to Remand.[3]

### C. Attorneys' Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

Plaintiffs request attorneys' fees incurred in bringing the Motion because they contend Defendant lacked an "objectively reasonable" basis for removing the action. (Mot. at 10.) Plaintiffs also argue that an award of attorneys' fees is appropriate because Defendant "refused to stipulate to a briefing and hearing schedule" to address the "threshold" issue of jurisdiction prior to filing the Motion for Judgment on the Pleadings at the same time the Motion to Remand was filed. (*Id.*; *see also* Motion for Judgment on the Pleadings.) Defendant responds that removal was "objectively reasonable" and "supported by ample, factually analogous, and valid Ninth Circuit caselaw." (Opp. at 26.) Defendant further argues that "courts regularly hear and decide" conflicting motions "together." (*Id.* at 26 n.4.)

___

[3] Because the court grants the Motion on jurisdictional grounds, the court will not address Plaintiffs' remaining argument that Defendant's removal was untimely. (*See* Mot. at 9.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:24-cv-02107-FWS-JDE | Date: January 16, 2025 |
| Title: James McGary *et al.* v. Walt Disney Parks and Resorts U.S., Inc. | |

The court finds that Defendant's arguments were not so objectively unreasonable as to warrant an award of attorneys' fees and costs. *See Lussier*, 518 F.3d at 1065 ("There is no question that Dollar Tree's arguments were losers. But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."). Moreover, as Defendant contends, courts may consider competing motions concurrently. *See, e.g.*, *Morris v. Vopak Terminal Los Angeles, Inc.*, 2022 WL 11964340, at *1 (C.D. Cal. Oct. 20, 2022) (examining together motion to remand and motion to dismiss); *Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187, 1207 (C.D. Cal. 2015) (same). Accordingly, the court **DENIES** Plaintiffs' request for attorneys' fees.

## IV. Disposition

For the reasons stated above, the court **GRANTS** the Motion to Remand. This case is **REMANDED** to Orange County Superior Court as case number 30-2020-01167025-CU-OE-CXC. The Motion for Judgment on the Pleadings is therefore **DENIED AS MOOT**.